**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00581-WJM-CBS

**TELECOMMUNICATIONS RESEARCH
LABORATORIES d/b/a TR LABS, and
TR TECHNOLOGIES, INC.,**

      **Plaintiff,**

**v.**

**QWEST COMMUNICATIONS COMPANY, LLC,
QWEST CORP., WINDSTREAM
COMMUNICATIONS, INC., SPRINT
NEXTEL CORP., COX COMMUNICATIONS, INC.,
COMCAST CORP., TW TELECOM INC., and
LEVEL 3 COMMUNICATIONS, INC.,**

      **Defendants.**

---

**STIPULATED DISCOVERY CONFIDENTIALITY ORDER**

---

The parties to this case have requested that the following Stipulated Discovery Confidentiality Order be entered to govern the exchange of discovery material that the parties regard as confidential.  In entering such Order, the Court makes the following findings of fact:

This case concerns a patent infringement dispute.  The plaintiffs have sued the defendants in this matter for infringement of eight patents, alleging that mesh telecommunications networks operated directly or indirectly by the defendants infringe these patents.  The defendants argue by way of affirmative defenses that the patents-in-suit are invalid and not infringed.  Given the nature of the claims and defenses asserted by the parties, discovery will necessarily focus on areas of a sensitive proprietary nature, and documents or information containing confidential,

proprietary business information and trade secrets are likely to be disclosed or produced during the course of discovery in this litigation. Because public dissemination and disclosure of such material could severely injure or damage the party disclosing or producing such material, the parties developed and reached agreement upon a protocol for controlling disclosure of such information produced in discovery. The agreed-upon protocol is embodied in this Discovery Confidentiality Order.

Good cause exists for entry of this Order. The nature of the case requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing party's legitimate proprietary interests. This Discovery Confidentiality Order provides reasonable restrictions on the disclosure of such sensitive materials. In order to streamline the discovery process and minimize the need for Court intervention, this Discovery Confidentiality Order allows the producing party to designate certain materials being produced or deposition testimony as confidential. Disclosure of materials designated as "Confidential" or "Highly Confidential" information is limited to specific classes of persons. The Order allocates to the producing party the burden of justifying the confidentiality designation.

Accordingly, the Court hereby enters the following Discovery Confidentiality Order:

Whereas, the parties recognize that, pursuant to discovery requests and in deposition testimony, they may be required to disclose trade secrets and other confidential information; and

Whereas, the parties, through counsel, stipulate that good cause exists for the entry of this Discovery Confidentiality Order pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced in this case;

2

Therefore, the following provisions of this Order shall control the disclosure, dissemination, and use of information in this case:

1.    Any document, or portion thereof, any type of evidence, and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure and any other information or thing hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this action ("Discovery Material") which is in good faith considered to contain or constitute any trade secret or other confidential or proprietary research, development, commercial, or financial information may be designated "CONFIDENTIAL" by the party or third-party providing such Discovery Material ("the Producing Party").  CONFIDENTIAL Discovery Material, designated as such in accordance with this Order, shall be disclosed or made available only to persons permitted by paragraph 4.

2.    CONFIDENTIAL Discovery Material that is highly confidential may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (also referred to herein as "HIGHLY CONFIDENTIAL").  By way of non-limiting example, Discovery Material in any of the following categories shall qualify for the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  (i) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, network switching and routing equipment configuration information, and other non-public technical descriptions and/or depictions of the relevant technology, including materials produced by a third-party that contain proprietary technical data or highly sensitive commercial information of one of the defendants; (ii) non-public damages-related information; (iii) non-public financial information; (iv) customer lists; (v) business and/or marketing plans; (vi) price lists and/or pricing information; (vii) license

3

agreements; (viii) information obtained from a non-party pursuant to a current Non-Disclosure Agreement ("NDA"); and (ix) any other information that is competitively sensitive among the defendants.

3.      CONFIDENTIAL Discovery Material shall be denoted by a designation "CONFIDENTIAL SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER," or a marking of like import.  Highly confidential Discovery Material shall be denoted by the designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or a marking of like import.  To the extent that a third party produces materials containing the confidential information of a defendant, that defendant shall be able to designate such information with the level of confidentiality that in its discretion applies.  These designations shall be made as follows:

(a)      With respect to documents or copies provided by one party to an opposing party, by marking each page of a document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information with a legend containing the appropriate designation or a marking of like import at the time of production of the documents.  In the case of tangible things:  by placing a label or tag on the object or on its container containing a legend containing the appropriate designation or a marking of like import, or, if not practicable, as otherwise agreed, at the time of production of the object.

(b)      In the event that a Producing Party elects to produce documents or things for inspection, no confidentiality designation need be made prior to the inspection.  For purposes of the inspection, all documents and things shall be considered HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY subject to this Order.  However, upon production of such

documents, the Producing Party shall make the appropriate designations of CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with subparagraph (a) above.

(c)     Testimony or information disclosed at a deposition may be designated by a party as CONFIDENTIAL or HIGHLY CONFIDENTIAL by indicating on the record at the deposition those portions of the testimony which contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information that is to be made subject to the provisions of this Order. Alternatively, a party may designate testimony or information disclosed at a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL by notifying the other parties, in writing, within thirty (30) days of receipt of the transcript of the deposition, those portions of the testimony that are to be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control.  Whether or not designation is made at the time of a deposition, all depositions shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY from the taking of the deposition until thirty (30) calendar days after receipt of the transcript.

Notwithstanding the provisions of paragraph 6, outside counsel for defendants may attend the depositions of employees of co-defendants.  Outside counsel of record for the defendants may order a copy of the transcript and exhibits, which shall be treated as for outside counsel's eyes only among the defendants, regardless of the designation of such testimony and exhibits pursuant to the terms of this Order, unless otherwise agreed in writing by the defendant who produced the witness and/or the protected information contained in the exhibits.

Notwithstanding the foregoing, any employee, agent, advisor, representative, or person who is affiliated with a party but who is not authorized to receive CONFIDENTIAL or HIGHLY

CONFIDENTIAL Discovery Material under paragraph 4 may attend a deposition at which CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material may be disclosed.  The designating party shall have the right to exclude such persons from the deposition only during the period any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is disclosed or discussed.

(d)     In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, those materials and all information contained therein may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by prominently marking the initial page of such paper and the page or pages on which any CONFIDENTIAL or HIGHLY CONFIDENTIAL information appears with a legend containing the appropriate designation or a marking of like import.

4.     Subject to the provisions in paragraph 6, CONFIDENTIAL Discovery Material shall be disclosed only to the following persons ("Qualified Persons"), except that Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY " shall not be disclosed to individuals identified in (d)(ii) below:

(a)     The Court, its personnel and stenographic court reporters, under seal.

(b)     Outside counsel of record in this action provided that such outside counsel is not involved in competitive decision making on behalf of a party or a competitor of a party (including support staff as reasonably necessary to assist such counsel in the preparation and trial of this action);

(c)      Outside stenographic court reporters, videographic court reporters, and language translators (including support staff as reasonably necessary);

(d)      The additional individuals listed in items 4(d)(i) – (v) below, provided that such individuals (except for those in category (d)(iv)), have read this Discovery Confidentiality Order and executed a declaration in the form attached as Exhibit A hereto, which shall be retained in the files of outside counsel, except where otherwise indicated:

 i. Internal counsel of a defendant who act in a legal capacity for the party and who are responsible for and/or working directly in the prosecution or defense of this action (including support staff as reasonably necessary to assist such counsel in the preparation and trial of this action), *except* that such internal counsel of a defendant (or support staff) shall not receive access to or disclosure of Discovery Material of another defendant, absent the written consent of the Producing Party (for purposes of this provision, "defendant" refers to a party sued by plaintiff herein, and not a counterclaim defendant);

 ii. Up to two (2) officers, directors or employees of a party who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in preparation for proceedings in this action (including support staff as reasonably necessary to assist such individuals in connection with this litigation), *except* that the above-identified officers, directors or employees of a defendant (or support staff) shall not receive access to or disclosure of Discovery Material of another defendant, absent the written

consent of the Producing Party (for purposes of this provision, "defendant" refers to a party sued by plaintiff herein, and not a counterclaim defendant);

iii. Outside experts or outside consultants retained in this action (including their support staff), provided that:  (1) such experts or consultants are not presently employed by a party hereto; (2) before access is given, the expert or consultant has executed a declaration in the form attached as Exhibit A hereto.  For each outside expert or outside consultant who executes the declaration, counsel who retained that person shall forward a copy of the executed declaration, together with a current CV, a list of consulting relationships during the prior four (4) years, and a list of all cases in which the expert or consultant testified at trial or by deposition within the last four (4) years, to counsel for the other parties at least fourteen (14) calendar days prior to the proposed disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material.  If any party objects to the proposed disclosure to the expert or consultant within fourteen (14) calendar days after receipt of the notice of it, the disclosure may not be made without prior written consent by the objecting party or prior approval by the Court.  Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert.  If an agreement cannot be reached, the party desiring to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material to the expert or consultant shall make an appropriate motion.  The burden shall be on the objecting party to show to the Court "good cause" why the disclosure should not be made.  No person disclosed to the other side pursuant to the provisions of this paragraph 4(d)(iii) may be deposed by the other side or

called as a witness by the other side in an expert capacity unless such person is

identified as a testifying expert witness by the disclosing party at the time that

Rule 26(a)(2) disclosures are made in this lawsuit.  The written notice required

under this Paragraph need not be given to non-parties who have produced or will

produce protected information pursuant to this Order;

iv.     Provided they agree to maintain the confidentiality of any Discovery Material (or

otherwise are under an obligation to do so), independent litigation support

services, including persons working for or as graphics or design services, jury or

trial consulting services, language translating services, and document review,

photocopy, imaging and database services retained to assist outside counsel with

document management or preparation of presentation at trial or other court

proceedings in this action; and

v.     such other individuals as the parties may stipulate to by written agreement.

5.     If any party requests that source code be produced, the parties agree to attempt in

good faith to negotiate protections for such source code, and if they are unsuccessful in doing so,

the parties shall promptly submit the issue to the Court for resolution.

6.     Plaintiffs shall not produce or provide any Discovery Material (regardless how

designated) or any other information that a defendant produces or provides to plaintiffs in

response to discovery requests, in connection with settlement negotiations or discussions, as

contained in any settlement agreements or licenses that are otherwise discoverable, or otherwise,

to any other defendant or such defendant's counsel, absent the written agreement of the

defendant who produced that information to plaintiffs.  Similarly, defendants shall not produce

or provide any Discovery Material (regardless how designated) or any other information that plaintiffs produce or provide to defendants, to any defendant(s) to which plaintiffs did not also produce or provide such information, or their counsel.  Defendants are not entitled to receive, and no defendant is obligated to produce to any co-defendant, any Discovery Material (regardless how designated) or any other information that a defendant produces to plaintiffs in response to discovery requests, in connection with settlement negotiations or discussions, as contained in any settlement agreements or licenses that are otherwise discoverable, or otherwise. The obligations set forth in this paragraph apply during the pendency of the present action (and any consolidated proceedings) and thereafter, and regardless whether a defendant whose information is sought remains a party to the action.  Nothing in this provision bars any defendant from seeking information of another defendant through the discovery procedures provided in the Federal Rules of Civil Procedure, in which case the notice procedures and obligations of paragraph 26 shall apply.

7.      A witness at a deposition, who is not a Qualified Person pursuant to paragraph 4 with respect to CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material may be shown any document that contains or reveals CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material only if the designated CONFIDENTIAL or HIGHLY CONFIDENTIAL information reasonably appears to have been authored by, received by, or known to the witness, or provided that the Producing Party consents to such disclosure.

8.      A document that contains or reveals CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material may be shown to any person indicated in such document to be its author or the recipient of a copy.

9.      CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material obtained from a Producing Party pursuant to pretrial discovery in this action may be used and disclosed by the Receiving Party only for purposes of defending or prosecuting this action for which it is produced and in accordance with this Order.  No party or person shall make any other use of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material without prior written permission from the Producing Party, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the Court.  Moreover, any person who receives any defendant's CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material on behalf of plaintiffs or a third party shall not be involved directly or indirectly (e.g., by advising) in any of the following activities:  preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions (including reissue, reexamination, and certificates of correction) relating to the subject matter of the patents-in suit, including without limitation, network restoration techniques, before any foreign or domestic agency, including the United States Patent and Trademark Office, for a period ending two (2) years after the final resolution of this litigation, including any appeals.  Notwithstanding the foregoing, in the event one or more defendants in this action initiates a reexamination proceeding before the United States Patent and Trademark Office pertaining to one or more of the patents-in-suit, the parties shall, in good faith, revisit the access restrictions of this paragraph as they pertain to the participation of plaintiffs' outside counsel of record in this action in such proceedings.

10.     Nothing in this Discovery Confidentiality Order shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or

continuing to use any information that is or becomes known to it if such information was or is

lawfully obtained by such party other than through discovery of the Producing Party.  Should a

dispute arise as to any specific information or material, the party claiming that such information

or material is or was publicly known or was lawfully obtained other than through discovery of

the Producing Party shall have the burden of proving its claim.

11.     Nothing in this Discovery Confidentiality Order shall be construed as an

agreement or admission:  (a) that any Discovery Material designated as CONFIDENTIAL or

HIGHLY CONFIDENTIAL is in fact confidential or a trade secret; or (b) with respect to the

competency, relevance, or materiality of any such information, document, or the like.

12.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or

HIGHLY CONFIDENTIAL designation at the time made, and a failure to do so shall not

preclude a subsequent challenge thereto.  In the event that any party disagrees at any point with

the designation by the Producing Party of any Discovery Material as CONFIDENTIAL or

HIGHLY CONFIDENTIAL, the challenging party shall initiate the dispute resolution process by

providing written notice of each designation that it is challenging and describing the basis for

that challenge.  The parties shall attempt to resolve each challenge in good faith and must begin

the process by conferring directly within fourteen (14) days of the date of service of notice.  In

conferring, the challenging party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Producing Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered,

to explain the basis for the chosen designation.  A challenging party may proceed to the next step

of the challenge process only if it has engaged in this meet and confer process first or establishes

that the Producing Party is unwilling to participate in the meet and confer process in a timely

manner.  If the dispute cannot be resolved, the challenging party may file and serve a motion to request that the Court cancel or modify a designation.  Unless otherwise agreed, the challenging party shall file such a motion within fourteen (14) days of the parties' agreement that the meet and confer process will not resolve their dispute.  The Producing Party shall have the burden of proving that its designation was appropriate.  All parties shall continue to afford the disputed Discovery Material the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

13.     The inadvertent or unintentional failure by a Producing Party to designate specific Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such Discovery Material. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed Discovery Material, without prejudice to the receiving party's right to challenge the designation pursuant to paragraph 12.  The receiving party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlabeled or mislabeled documents or things occurring before the receiving party was placed on notice of the Producing Party's claims of confidentiality.

14.     Nothing in this Discovery Confidentiality Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege or work product immunity.  The inadvertent production of Discovery Material subject to the attorney-client privilege or work product immunity will not constitute waiver of, estoppel as to, or otherwise prejudice any claim of such immunity or privilege with respect to any such Discovery Material so furnished, if within fourteen (14) calendar days after learning of the production, the Producing Party designates any such documents as within the attorney-client

privilege or work product immunity and requests return of any such documents to the Producing

Party.  In addition, the fact that Discovery Material was inadvertently produced shall not be used

in any manner as evidence in support of any such alleged waiver or estoppel.  If a party has

inadvertently produced Discovery Material subject to a claim of immunity or privilege, upon

request of the Producing Party, any documents and all copies thereof shall be returned promptly

or shall be destroyed, at the option of counsel in possession of such documents, as required by

Rule 26(b)(5)(B).  If the materials are destroyed, counsel responsible for the destruction shall

certify to counsel for the Producing Party that destruction has taken place.  The documents and

all copies shall be returned, or certification of destruction shall be sent, no later than fourteen

(14) calendar days after such request is made.  Moreover, to the extent practical and reasonable,

any notes or summaries, other than those expressly permitted under this section, referring to or

relating to any such inadvertently produced Discovery Material subject to a claim of immunity or

privilege shall be destroyed.  Nothing herein shall prevent the receiving party from preparing a

record for its own use containing the date, author, address(es), and such other information as is

reasonably necessary to identify the Discovery Material and generally describe its nature to the

Court in any motion to compel production of the Discovery Material.  Such a record of the

identity and nature of Discovery Material may not be used for any purpose other than preparation

of a motion to compel in this Action.  After the return of the Discovery Material, the receiving

party may challenge the Producing Party's claim(s) of immunity or privilege by making an

appropriate motion to the Court.  Nothing in this paragraph shall require a Party to withdraw a

pleading filed with the Court that references or includes such Discovery Material, prior to

receiving a request for return under this paragraph.

15.     The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than reasonable care.  Each recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced in this action hereby agrees to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Discovery Confidentiality Order.

16.     Nothing in this Discovery Confidentiality Order shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

17.     Nothing in this Order shall prohibit the transmission or communication of Discovery Material (regardless how designated) between or among Qualified Persons by (1) hand delivery, (2) in sealed envelopes via mail or delivery service, or (3) by telephone, facsimile, email, or other electronic transmission.

18.     Nothing herein shall restrict a Qualified Person from making working copies, abstracts, digests, and analyses of protected Discovery Material for use in connection with this litigation.  Further, nothing herein shall restrict a Qualified Person from converting or translating protected Discovery Material into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to protected Discovery Material, in whatever form stored or reproduced, shall be limited to Qualified Persons.

19.     A testifying expert's draft reports, notes, outlines, and any other writings relating to this litigation leading up to his or her final report(s) in this case created after the filing date of this lawsuit are exempt from discovery, unless relied upon by the expert in forming his or her opinions.  In addition, the substance of communications (whether oral or written) between or among experts retained by counsel (or the experts' assistants) and the retaining party's employees, consulting experts, in-house or outside counsel, occurring after the filing date of this lawsuit, are exempt from discovery unless relied upon by the expert in forming his or her opinions.  The expert must produce his or her final report and all materials on which he or she relied.  To the extent that the expert relies upon information that has been previously produced, the expert may identify such documents by Bates number in lieu of producing such information. Notwithstanding the above exclusions, the following shall be discoverable during discovery and/or usable at trial:  (1) compensation arrangements and compensation related documents for experts (e.g., an expert's bill and invoices to his or her client(s) regarding the litigation, which may be redacted as necessary for attorney-client privilege, work-product protection, or any other privilege or protection); and (2) assumptions that the party or the party's attorney provided to the expert and that the expert considered in forming his or her opinions.

20.     (a)     Within sixty (60) calendar days after the conclusion of this action as to any Producing Party, including any appeals, all Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of counsel in possession of such copies, and in no event shall be used at trial involving the remaining parties without the written consent of the Producing Party or pursuant to Court order.  If the materials are destroyed, counsel responsible for the destruction shall within fourteen (14) calendar days of

the destruction of all such materials certify to counsel for the Producing Party that destruction has taken place.  Notwithstanding the foregoing, counsel for the parties may retain the pleadings, court papers, transcripts of depositions and hearings and any exhibits thereto, expert reports, discovery requests and responses, correspondence, trial transcripts, and exhibits offered or introduced into evidence at trial, and any work-product containing Discovery Material, despite the presence of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material in those materials provided, however, that any Discovery Material contained in any such documents retained by counsel shall remain subject to the protections of this Order.  Information retained by outside counsel or on computer storage media in the normal course of computer system maintenance or backup is not subject to the terms of this paragraph, but is and remains subject to all other restrictions set forth herein until such time as such information is destroyed.  Insofar as the provisions of this and any other Order entered in this action restrict the communication and use of information, such Order(s) shall continue to be binding after the conclusion of this litigation as to any or all parties, except that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such Order(s).

(b)     This Court shall retain jurisdiction over the parties and this Discovery Confidentiality Order for the purposes of compliance with and enforcement of its terms, and the final termination of this action shall not terminate this Discovery Confidentiality Order or its terms.

21.     This Discovery Confidentiality Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the agreement of the parties, nor the designation of any Discovery Material as CONFIDENTIAL or HIGHLY

CONFIDENTIAL nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

22.     Unless otherwise provided herein, the terms of this Discovery Confidentiality Order shall be applicable to any third party who produces Discovery Material which is designated by such third party as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  A copy of this Order shall be served along with any subpoena served in connection with this action.  A non-party's use of this Discovery Confidentiality Order to protect its information does not entitle that non-party to the Discovery Material produced by any party in this case.

23.     Nothing in this Discovery Confidentiality Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any Discovery Material.

24.     Nothing in this Discovery Confidentiality Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced or exchanged in this action;  provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, the attorney shall not disclose the contents of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced by any other party or non-party.

25.     ~~In the event a party wishes to use any protected Discovery Material in any affidavits, briefs, memoranda of law, or other papers filed or otherwise submitted in Court in this~~

~~action, such Discovery Material used therein shall be filed under seal with the Court, and any~~
~~such information contained in publicly filed documents shall be redacted. The Clerk of this~~
~~Court is directed to maintain under seal all documents and transcripts of deposition testimony~~
~~and answers to interrogatories, admissions and other pleadings filed under seal with the Court in~~
~~this action which have been designated, in whole or in part, as "CONFIDENTIAL" or "HIGHLY~~
~~CONFIDENTIAL – ATTORNEYS' EYES ONLY".~~  Notwithstanding the provisions of
paragraph 6, unless otherwise ordered by the Court, defendants' outside counsel of record may
be provided any document docketed, filed, or otherwise provided to the Court in this case, in its
entirety and in unredacted form, that contains the protected Discovery Material of another
defendant and shall treat such information as highly confidential – outside counsel's eyes only,
regardless of how the information was designated by the Producing Party.

26.     In the event that any party or any other individual described herein is served with
a subpoena or other judicial process demanding the production or disclosure of any
CONFIDENTIAL or HIGHLY CONFIDENTIAL, such party or individual shall (a) provide lead
counsel for all parties with a copy of such subpoena or other judicial process within seven (7)
calendar days following receipt thereof, and (b) use all reasonable efforts to ensure treatment of
the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material at issue consistent
with this Discovery Confidentiality Order.

27.     The parties reserve their rights to agree on procedures for handling and
introducing into evidence at the time of trial or other hearing materials and/or information
deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material.  In the absence of
such an agreement, any party may petition the Court to order such procedures.

28.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

29.     The restrictions on the use of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material established by this Discovery Confidentiality Order are applicable only to CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material received by a party from another party or from a non-party as a direct result of this litigation.  A party is free to do whatever it desires with its own CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material.

30.     This Discovery Confidentiality Order shall not be deemed a waiver of:  (a) any party's right to object to any discovery request on any ground; (b) any party's right to seek an order compelling discovery with respect to any discovery request; (c) any party's right in any proceeding in this lawsuit to object to the admission of any evidence on any ground; or (d) any party's right to use its own documents and its own CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material in its sole and complete discretion.

DATED at Denver, Colorado, on October 1, 2012.

BY THE COURT:


_s/Craig B. Shaffer_
United States Magistrate Judge

Accepted and Agreed:


/s/ George C. Summerfield
George C. Summerfield
STADHEIM & GREAR
400 North Michigan Avenue
Suite 2200
Chicago, Illinois 60611
Telephone: (312) 755-4400
Facsimile: (312) 755-4408
Email: summerfield@stadheimgrear.com

*Attorneys for Plaintiffs*
*Telecommunication Research Laboratories*
*(formerly known as Alberta Telecommunications*
*Research Centre) d/b/a TR Labs, and TR*
*Technologies, Inc.*


/s/ Habib Nasrullah
Habib Nasrullah
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: nasrullah@wtotrial.com

/s/ Brian D. Roche
Brian D. Roche
Jennifer Yule DePriest
Raven Moore
Reed Smith LLP
10 South Wacker Drive, Suite 4000
Chicago, Ill 60606
Telephone: 312.207.1000
Facsimile: 312.207.6400
Email: broche@reedsmith.com
Email: jdepriest@reedsmith.com
Email: rmoore@reedsmith.com

*Attorneys for Defendants*
*Qwest Communications Company, LLC and Qwest*
*Corporation*

/s/Kevin M. Bell
Ian L. Saffer
Kevin Bell
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO 80238
Telephone: (303) 571-4000
Facsimile: (303) 57-4321
Email: isaffer@kilpatricktownsend.com
Email: kbell@kilpatricktownsend.com

Mitchell G. Stockwell
Audra A. Dial
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 541-3403
Email: mstockwell@kilpatricktownsend.com
Email: adial@kilpatricktownsend.com

*Attorneys for Defendant Cox Communications, Inc.*


/s/ Roger B. Thomasch
Roger B. Thomasch
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO 80202
Telephone: (303) 292-2400
Facsimile: (303) 296-3956
E-mail: thomasch@ballardspahr.com

Lawrence K. Nodine
Lawrence K. Nodine
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309
Telephone: (678) 420-9300
Facsimile: (678) 420-9301
E-mail: nodinel@ballardspahr.com

*Attorneys for Defendant Comcast Corp.*

/s/ Russell S. Jones Jr.
Russell S. Jones, Jr.
Polsinelli Shughart
120 W. 12th St., Suite 1600
Kansas City, MO 64105
Telephone: (816) 374-0532
Email: rjones@polsinelli.com

Jeffrey Kass
Polsinelli Shughart
1515 Wynkoop, Ste. 600
Denver, CO 80202
Telephone: 303-572-9300
Email: jkass@polsinelli.com

*Attorneys for Defendant Sprint Nextel Corp.*

/s/ Glen E. Summers
Glen E. Summers
Andre Pauka
Bartlit Beck Herman Palenchar & Scott LLP
1899 Wynkoop St., Suite 800
Denver, CO 80202
Telephone: 303-592-3100
Facsimile: 303-592-3140
Email: glen.summers@bartlit-beck.com
Email: andre.pauka@bartlit-beck.com

*Attorneys for Defendant tw telecom inc.*

/s/ Neil L. Arney
Neil L. Arney
Kutak Rock LLP
1801 California Street, Suite 3100
Denver, CO 80202-2626
Direct Dial: 303-292-7882
Telephone: 303-297-2400
Facsimile: 303-292-7799
Email: neil.arney@kutakrock.com

*Attorneys for Defendant Windstream Corp.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 12-cv-00581-WJM-CBS**

**TELECOMMUNICATIONS RESEARCH
LABORATORIES d/b/a TR LABS, and
TR TECHNOLOGIES, INC.,**

      **Plaintiff,**

**v.**

**QWEST COMMUNICATIONS COMPANY, LLC,
QWEST CORP., WINDSTREAM
COMMUNICATIONS, INC., SPRINT
NEXTEL CORP., COX COMMUNICATIONS, INC.,
COMCAST CORP., TW TELECOM INC., and
LEVEL 3 COMMUNICATIONS, INC.,**

      **Defendants.**

## EXHIBIT A - UNDERTAKING

I have read and understand the Stipulated Discovery Confidentiality Order (the "Order") in the above-captioned case (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order.  I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

I shall not use or disclose any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" information to others, except solely for the purposes of this litigation and in accordance with the Order.

Date:_____       Signature:_____

                                     Printed Name:_____

                                     Address:_____

                                     _____


          I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 20____.   _____
                                             Signature